# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**ABEL BASAVE-GARCIA,**<br><br>*Defendant.* | **CASE NO.: 3:25-CR-21-TES** |

## ORDER CONTINUING TRIAL IN THE INTEREST OF JUSTICE

Before the Court is Defendant Abel Basave-Garcia's Unopposed Motion to Continue Trial in the Interest of Justice. [Doc. 17]. Trial is currently set to begin on February 23, 2026, and the government does not oppose a continuance. [*Id.* at p. 2]. For the reasons set forth below, the Court finds that trial should be continued pursuant to 18 U.S.C. § 3161(h).

On November 18, 2025, Defendant was charged in a one-count indictment with illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). [Doc. 1]. Defendant appeared on December 3, 2025 for his initial appearance and arraignment at which time he entered a not guilty plea and was ordered detained pending trial of this matter. [Doc. 10]; [Doc. 11].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the

requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

In his Motion, Defendant requests a continuance "to allow undersigned counsel time to review the discovery, which was received on the date of [Defendant's] motion, December 9, 2025. . ." and to allow time to "meet with [Defendant] about the discovery, determine the next steps in the instant case, and begin defense investigations as it relates to the government's discovery, if warranted." [Doc. 17, p. 2].

Considering this, failure to grant a continuance in this case would deny Defendant "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). So as to avoid a miscarriage

2

of justice, the Court **GRANTS** Defendant's Unopposed Motion to Continue Trial in the Interest of Justice [Doc. 17]. The Court **CONTINUES** this case to March 23, 2026. The pretrial conference will be held on February 11, 2026. The ends of justice served by this continuance outweigh the best interests of the public and these defendants in a speedy trial and are in accordance with the considerations required under 18 U.S.C. § 3161(h)(7)(A) for excusable delay.

    **SO ORDERED**, this 10th day of December, 2025.

                                        S/ Tilman E. Self, III
                                        **TILMAN E. SELF, III, JUDGE**
                                        **UNITED STATES DISTRICT COURT**